UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                               Chapter 7
Harold David Cherney and                            Case No. 15-22401-svk
Cherilyn Diane Cherney,
                    Debtors.

DECISION ON DEBTORS' MOTION TO DISMISS THIS CASE
AND REVOKE THEIR DISCHARGE

The Debtors filed this case pro se on March 16, 2015. They received their bankruptcy discharge on July 6, 2015. (Dkt. No. 16.) On July 27, 2015, the Chapter 7 trustee filed an application to employ his firm as counsel to set aside a trust created by the Debtors that holds title to the Debtors' residence. (Dkt. No. 19.) The Debtors requested more time to reply to the Trustee's application. (Dkt. No. 21.) The Court scheduled a hearing, but neither the Trustee nor the Debtors appeared. The Debtors filed correspondence on September 2, 2015, stating:

> The notice [of telephone hearing] was received without any wet ink signature from a real person. We do decline your offer of any oral conversation and request that any comments, concerns and questions to be done so in writing in affidavit form so that all communications can be memorialized for the record/file. That way we would not be 'deposing' ourselves and would answer all questions/concerns via written documentation.

(Dkt. No. 25.)

The Court approved the Trustee's application to employ counsel, and on September 14, 2015, the Trustee filed a motion for a Rule 2004 examination of the Debtors and an adversary proceeding seeking to set aside the trust. On September 28, 2015, the Debtors filed correspondence to "Susan Kelly (sic), Agent for JUDGE SUSAN V KELLY" stating that they signed the "original contract for bankruptcy following information that was not fully disclosed. Because we did not have full disclosure of the terms of the contract, we as Private American

Citizens have chosen to rescind/remove/cancel our signatures from said contract and adjourn/dismiss this bankruptcy case." (Dkt. No. 30.) The Debtors also stated: "As per attached Declaration of Private Citizens Status, we are sole beneficiaries of the Private Business Trusts HAROLD DAVID CHERNEY & CHERILYN DIANE CHERNEY," and their signatures included "Private Citizen of the United States, American National, Private Citizen of the State of Wisconsin, Private Resident of the County of Brown . . . All Rights Reserved, Without Prejudice." (*Id.*) The Court construed the correspondence as a motion to dismiss the bankruptcy case and scheduled a hearing.

Meanwhile, no objections were filed to the Trustee's motion for a Rule 2004 examination, so the Court entered an order granting that motion. (Dkt. No. 35.) The Debtors' filings became increasingly disjointed and incomprehensible. For example, in response to the Trustee's motion to hold the Debtors in contempt for failing to appear at the Rule 2004 examination, the Debtors filed a "constructive notice of conditional acceptance," in which they purportedly agreed to be held in contempt, provided the Trustee provided proof of 21 separate items, including:

> (19) Provide your proof that the U.S. Bankruptcy is NOT verified in Senate Report No. 93-549 93rd Congress, 1st Session (1973), 'Summary of Emergency Power Statutes,' Executive Orders 6073, 6102, 6111 and by Executive Order 6260 on March 9, 1933, under the 'Trading With the Enemy Act (Sixty-Fifth Congress, Session I, Chapters 105, 106, October 6, 1917), and as further codified at 12 U.S.C.A. 95(a) and (b) as amended.

(Dkt. No. 49.)

On October 27, 2015, the Court held a hearing on the Debtors' Motion to Dismiss. The Debtors did not appear, but the Trustee's attorney appeared and opposed the dismissal. He pointed out that since the Debtors had received a discharge, the creditors would be prejudiced by

2

the dismissal. He also indicated that the Trustee wished to pursue the avoidance of the Debtors' trust, which could pay the creditors in full and possibly return funds to the Debtors. On October 28, 2015, the Court entered an order denying the Debtors' motion to dismiss, but stating, "the Court is willing to reconsider the Motion if the Debtors agree to revoke their discharge." (Dkt. No. 47.)

On November 16, 2015, the Debtors filed correspondence (signed as "Pre-1933 Private Citizens of the United States") "accepting your offer for a new motion to dismiss the bankruptcy along with our agreement of revocation of the discharge." (Dkt. No. 52.) On November 17, 2015, the Court entered an "order requiring an objection to the debtors' request to revoke their discharge and dismiss their bankruptcy case." (Dkt. No. 53.) In this order, the Court advised all creditors that the pro se Debtors had requested dismissal of the case in light of the Trustee's complaint to set aside their self-settled trust. The Court invited objections but indicated that "Any objection should state with particularity why administering this case is preferable to dismissal with the Debtors not receiving a discharge." (*Id.*) The Court also stated that if the Court granted the motion to dismiss and revoke the discharge, the Court would enjoin the Debtors from filing another bankruptcy petition for a period of one year. (*Id.*) Only the Trustee filed an objection to the dismissal of the case, and only the Trustee's attorney appeared at the hearing. At the hearing, the Court overruled the Trustee's objection; this decision explains the Court's reasoning.

The Debtors' filings bear hallmarks of the "free sovereign" or "Redemptionist" movement including stating their names in all capital letters and designating themselves as "pre-1933 Private American National" or "Pre-1933 Private Citizen of the United States." Many

3

courts have encountered the frivolous, incomprehensible claims of these movements and have little trouble in rejecting their claims and dismissing their claims and defenses. *See, e.g., McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201 (D. Conn. 2010) (collecting cases and explaining theories). Yet the Trustee wants to keep the Debtors' case in this Court, to pursue the avoidance of a 20-year old trust the Debtors created, possibly as a tax avoidance scheme. The Court concludes that the Debtors and the creditors are much better off outside of bankruptcy, with the creditors enjoying the full rights that they had before the bankruptcy case was filed.

There are only two scheduled creditors in this case: the Internal Revenue Service ("IRS") and the Wisconsin Department of Revenue ("WDOR"). Both filed proofs of claim, but neither filed an objection to the Court's clear notice concerning dismissal of the Debtors' case coupled with revocation of the discharge. The Court notes that IRS filed a general unsecured non-priority claim in the amount of $128,341. This claim is dischargeable in bankruptcy, suggesting that IRS had an incentive <u>not</u> to oppose dismissal of the case and revocation of the discharge.

Dismissal of a Chapter 7 case is governed by 11 U.S.C. § 707. There must be "cause" for dismissal, and cause has been found where continued administration of the case will not promote the fundamental purpose of Chapter 7. *In re Steffen*, 426 B.R. 907, 914 (Bankr. M.D. Fla. 2010). A fundamental purpose of Chapter 7 is the protection of unsecured creditors, and in *Steffen*, the court noted that there were no general unsecured creditors who were relying on the Trustee to protect their interests. Similarly here, the only two creditors are IRS and WDOR. These creditors have ample resources to protect their interests outside of bankruptcy.

In deciding whether to grant a motion to dismiss, the court undertakes "a fact-sensitive inquiry that is guided by equitable considerations, which balances the benefit and harm to

4

creditor and debtor alike." *United States v. McDaniel (In re McDaniel)*, 363 B.R. 239, 244 (M.D. Fla. 2007). Usually, the creditors are better off outside of bankruptcy, unfettered by the automatic stay and discharge. But in this case, the Trustee argues that the IRS and WDOR are benefitted by the Trustee's use of the powers in the Bankruptcy Code to attack the Debtors' trust. However, "[I]t is the reasonable pre-petition legal expectations of a debtor's creditors that should be considered in the context of a motion to dismiss, not the loss of an opportunity to receive a distribution through the bankruptcy process." *Id.* at 246 (citing *In re Hull*, 339 B.R. 304, 309 (Bankr. E.D.N.Y. 2006)). Here, the pre-petition legal expectations of the creditors are enhanced by dismissal, because the creditors' pre-petition rights of collection will be fully restored.

A dismissal motion should be denied when the debtor seeks to gain a tactical advantage in litigation to the detriment of a creditor and then to refile bankruptcy. *See, e.g., In re Hopkins*, 261 B.R. 822, 823-24 (Bankr. E.D. Pa. 2001). Dismissal also should not be permitted where a debtor seeks to dismiss and refile when certain tax liabilities would become dischargeable. *See Leach v. I.R.S. (In re Leach)*, 130 B.R. 855, 856-58 (B.A.P. 9th Cir. 1991). In this case, the opposite would occur. The Debtors' tax liabilities on the IRS proof of claim are so old that the bulk of them are dischargeable. Accordingly, upon dismissal and revocation of the discharge, IRS will have better collection rights than in bankruptcy. Moreover, to prevent the Debtors from taking advantage of the creditors, the Court will prohibit them from re-filing a bankruptcy case for a period of two years from when the case is dismissed, as the court did in *Steffen*.

In *McDaniel*, the United States appealed a bankruptcy court order which vacated the Chapter 7 debtor's discharge and granted the debtor's motion to dismiss. 363 B.R. at 239. The district court affirmed without addressing the authority of the bankruptcy court to revoke the

5

discharge.  In *Hull*, the bankruptcy court granted a pro se debtor's motion to dismiss, noting that she would lose the benefit of a discharge and a fresh start, and that the unrepresented debtor had never filed bankruptcy before and lacked easy access to resources and advice about the consequences of a Chapter 7 case.  309 B.R. at 308.  The court also found that the debtor had not delayed unreasonably in bringing her motion to dismiss.  The Trustee argued that the debtor's sole asset, a personal injury claim, would likely provide a substantial dividend to creditors and return a surplus to the debtor.  But the bankruptcy court dismissed the case, finding that administration of the case would inherently delay the distribution to creditors.  *Id.* at 309.  The Trustee makes similar arguments here to allow him to pursue the avoidance of the Debtors' trust and sell their residence for the benefit of the IRS and WDOR.  The Trustee even argues that losing their home is a "win-win" outcome for the Debtors, since based on his calculations, they would come out of the case with some money after payment of the costs of sale, IRS, WDOR, Trustee commission and Trustee attorneys' fees.

The Court rejects the Trustee's arguments.  First, an involuntary sale of the Debtors' residence by a bankruptcy trustee will not produce fair market value.  Second, the residence is titled in a trust that the Debtors established over twenty years ago.  It is not clear that the Trustee can avoid this trust, and there certainly will be a delay in that determination.  Third, assuming the trust is set aside, the Debtors' submissions to the Court indicate that they will not cooperate with Trustee or any real estate professional, and the Court foresees protracted battles as the Trustee continues to file motions for contempt and sanctions against the Debtors.  The administration of this case will result in lengthy delay and mounting expense.  Neither the Debtors, the creditors nor the Court are benefitted by this scenario.

On the other hand, once the bankruptcy is dismissed, to the extent that the Debtors created their trust as a tax avoidance scheme, the IRS has the power to attack the trust. *See United States v. Krall*, 835 F.2d 711 (8th Cir. 1987). WDOR will have all of its pre-petition collection rights, and the Debtors, not the Trustee, will be responsible for negotiating and coming to terms with their creditors.

The Trustee argues that the Court does not have the power to vacate the Debtors' discharge under these circumstances. The Trustee is correct that the Court cannot rely on § 105 of the Bankruptcy Code as authority to vacate the discharge. *See Law v. Siegel*, 134 S. Ct. 1188 (2014); *Disch v. Rasmussen*, 417 F.3d 769 (7th Cir. 2005). But courts have relied on Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60 to vacate a discharge order. *See In re Starling*, 359 B.R. 901 (Bankr. N.D. Ill. 2007). As explained in *In re Magundayao,* 313 B.R. 175, 179 n.6 (Bankr. S.D.N.Y. 2004):

> The chapter 7 debtor's right to use Rule 60(b) to revoke his own discharge raises a different issue from the creditor's use of the Rule to circumvent the restrictions in § 727(d). Section 727(d) advances the goals of the "fresh start" by restricting an adverse party's ability to take back a discharge once it has been granted. In short, it protects the debtor. It does not follow that § 727(d) was intended as an obstacle to prevent the debtor from vacating his own discharge when it served his interests to do so, and the relief was otherwise appropriate. Furthermore, 11 U.S.C. § 727(a)(10) expressly authorizes the debtor to waive his discharge, with the court's permission, after the order for relief. If the Code permits the debtor to refuse to accept his discharge, it should also allow him to give it back.

In unusual circumstances such as this case presents, the Court has the discretion and the authority to vacate the Debtors' discharge and dismiss the case. The Court concludes that this course is in the best interest of the Debtors, who did not appreciate the consequences of their bankruptcy filing as potentially causing the loss of their home, and the sole creditors: two taxing authorities with ample collection rights outside of bankruptcy.

7

The Trustee requests that his attorneys' fees be reimbursed as a condition of dismissal of the case, and the Court will retain jurisdiction of the case for 30 days for the Trustee to file and serve an application for those fees on the Debtors and the United States Trustee. The Court will also condition the dismissal on a prohibition against the Debtors filing bankruptcy again for two years from the date of dismissal. The Court will enter a separate order vacating the Debtors' discharge and dismissing this case.

Dated: December 21, 2015

By the Court:

/s/ Susan Kelley
Susan V. Kelley
Chief U.S. Bankruptcy Judge